UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENAYAT ULLAH ZARWAR KHAN, | Case No.  26-cv-01697-TMC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JULIO HERNANDEZ, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Enayat Ullah Zarwar Khan is a 30-year-old citizen of Afghanistan who applied for admission to the United States at the San Ysidro Port of Entry on March 19, 2024. Dkt. 6 at 2. Petitioner expressed a fear of returning to Afghanistan and was referred to the United States Citizenship and Immigration Services ("USCIS") for a credible fear interview. Dkt. 7 ¶ 5. On April 19, 2024, USCIS determined Petitioner did have a credible fear of return to Afghanistan. *Id*. ¶ 7. On April 25, 2024, Petitioner was paroled into the country by the Immigration and Customs Enforcement ("ICE") office.[1] Dkt. 1 ¶ 36; Dkt. 8-2 at 2. As a condition of his parole,

---

[1] Respondents state that Petitioner was paroled on April 30 but provide an exhibit — "Notification to Grant Parole" — that is stamped with a different date: April 25, 2024. Dkt. 8-2 at 2. Although the I-213 form documenting Petitioner's arrest in 2026 describes him as "released on Order of Recognizance (OREC)," the documents from the time of his entry demonstrate that

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

ICE required Petitioner to participate in an "Alternatives to Detention" ("ATD") program that included, among other things, wearing a location-monitoring device on his ankle. Dkt. 1 ¶ 37; Dkt. 7 ¶ 9; Dkt. 8-2 at 2. Between October 3, 2024, and December 05, 2025, according to Respondents, Petitioner missed nine ATD check-ins. *Id.* ¶¶ 18–26. Petitioner denies this claim. Dkt. 1 ¶ 40. Petitioner has no criminal history. Dkt. 8-3 at 4.

On May 4, 2026, Petitioner arrived for a check-in in Seattle, Washington. *Id.* ¶ 28. Based on the multiple check-ins he had previously missed, ICE agents issued a warrant for his arrest, revoked his participation in ATD, and transferred him to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he remains detained and has yet to have a bond hearing before an immigration judge ("IJ"). *Id.* ¶¶ 28–29; Dkt. 8-6 at 2.

On May 18, 2026, Petitioner filed this petition for a writ of habeas corpus. Dkt. 1. On June 1, Respondents filed a return to the habeas petition. Dkt. 6. On June 8, Petitioner filed a traverse. Dkt. 9. The habeas petition is now ready for review. For the reasons set forth below, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

---

he was detained as an "arriving alien" and placed on parole under 8 U.S.C. § 1182(d)(5)(A). *See* Dkts. 8-1, 8-2.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

### III.   DISCUSSION

The threshold issue is whether Petitioner is detained mandatorily under 8 U.S.C. § 1225(b)(2), as argued by Respondents, *see* Dkt. 6 at 5, or under 8 U.S.C. § 1226(a), as argued by Petitioner, *see* Dkt. 1 ¶ 53, which allows an IJ to exercise discretion to release certain detainees pending immigration proceedings. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025).

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez,* 802 F. Supp. 3d at 1336. The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful because he is a member of the Bond Denial Class. Dkt. 1 ¶ 53. Respondents argue that because Petitioner was apprehended when he first entered the United States, he is not a member of the class under *Rodriguez Vazquez*. Dkt. 6 at 5. Respondents are correct. Because he was apprehended at the border, Petitioner does not meet the criteria to be a member of the Bond Denial Class. But simply being apprehended at the border does not necessarily preclude a noncitizen from being eligible for release under § 1226(a). For example, in *Del Valle Castillo v. Wamsley*, Case No. 2:25-cv-02054-TMC, 2025 WL 3524932 (W.D. Wash. Nov. 26, 2025), this Court observed:

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

"[T]he fact that Petitioners are not Bond Denial Class members does not prevent them from seeking habeas relief on similar legal grounds. . . . [E]ven though Petitioners were apprehended on arrival, their individual factual circumstances demonstrate that they are currently subject to detention under § 1226(a)." *Id*. at *5.

Instead of simply applying the criteria of *Rodriguez Vazquez* to Petitioner, the inquiry shifts to assessing whether the government has treated him "as subject to discretionary detention under section 1226, rather than mandatory detention under section 1225 . . . ." *Pantoja Sanchez v. Hernandez*, No. 2:26-cv-00884-TMC, 2026 WL 1506130, at *2 (W.D. Wash. May 29, 2026) (*citing Castillo*, 2025 WL 3524932, at *6). As described above, the government detained Petitioner immediately when he arrived at the border to the United States. He was released on parole pursuant to 8 U.S.C. § 1182(d)(5). The fact that Petitioner was released on parole demonstrates the government consistently treated him as subject to detention under § 1225. "When the government releases a § 1225 detainee under humanitarian parole, it reserves the right to continue to treat the non-citizen as if stopped at the border." *Pantoja Sanchez*, 2026 WL 1506130, at *3 (*quoting Castillo*, 2025 WL 3524932, at *6 (internal citations and quotation marks omitted)).

Here, as in *Pantoja Sanchez*, Petitioner's treatment by the government shows that it considered him "stopped at the border" notwithstanding the fact that he lived in this country for over two years before being re-apprehended. *Id*. Accordingly, the Court concludes that petitioner is detained mandatorily under 8 U.S.C. § 1225(b)(2), and not under 8 U.S.C. § 1226(a).

Petitioner argues for the first time in his traverse that in arresting and detaining him without a prior hearing, ICE violated his rights under the Due Process Clause of the Constitution. Dkt. 10 at 4–6. But the cases cited by Petitioner apply to noncitizens who are subject only to discretionary detention under § 1226(a) and have been granted conditional release under that

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

statute. They do not apply to noncitizens such as Petitioner who were subject to mandatory detention upon arrival and granted only temporary humanitarian parole.

In sum, because Petitioner has not shown that his current detention without a bond hearing is unlawful under *Rodriguez Vazquez* or any other basis, he has not shown he is entitled to habeas relief.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 1st day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5